## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL EUCLID,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:23-cv-4335-JDW** |
| | : | |
| **TRANSPORTATION SECURITY** | : | |
| **ADMINISTRATION,** *et al.,* | : | |
| **Defendants.** | : | |

### MEMORANDUM

Nathaniel Euclid claims that agents of the Transportation Security Administration opened his luggage and stole valuable Pokémon cards. Understandably, he wants justice. But he has not stated a viable claim, so I will dismiss his Complaint. I will do so without prejudice so that he can try again with an amended Complaint, if he has a basis to make the necessary allegations.

## I.    FACTUAL ALLEGATIONS

Mr. Euclid alleges that on January 2, 2023, TSA agents used an equipment scanner to locate valuable items in suitcases and tampered with Euclid's locked suitcase to gain access to the items inside.  He had in his suitcase a binder containing the "complete collection of limited first edition if Pokémon cards." (Compl. at 4.)  TSA agents "pluck[ed] out" some of the rarer cards from the binder and kept them, meaning the whole collection became less valuable. (*Id.*)  Mr. Euclid does not state where this

took place, but he alleges that the events giving rise to his claims occurred at the Oakland, Denver, and Philadelphia International airports.

Mr. Euclid asserts Fourth Amendment claims against "TSA/DHS Headquarters," the TSA, and "TSA Oakland." He seeks money damages. He also asks that the Court "launch an investigation into [the] incident" and "subpoena any surveillance from airports baggage check areas." (Compl. at 4.)  The Court lacks the authority to do either.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  That means I accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678.  Because Mr. Euclid is proceeding *pro se*, I construe

his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.   *In Forma Pauperis*

Mr. Euclid has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees.  Therefore, I will grant him leave to proceed *in forma pauperis*.

### B.   **Plausibility Of Claims**

Mr. Euclid asserts a Fourth Amendment claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).  *Bivens* provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances.  *Egbert v. Boule*, 596 U.S. 482, 486 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).[1]  Since the Supreme Court decided *Bivens* in 1971, it has

---

[1] Historically, federal law has provided a damages remedy to individuals whose constitutional rights were violated by *state* officials.  *See* 42 U.S.C. § 1983.  In *Bivens,* the Supreme Court for the first time implied such a cause of action for constitutional violations by federal officials, holding that "even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the [Fourth Amendment] prohibition against unreasonable search and seizures." *Abbasi*, 137 S. Ct. at 1854.

recognized an implied cause of action in only three types of cases, *see Abbasi*, 137 S. Ct. at 1854-55, and "has repeatedly refused to recognize *Bivens* actions in any new contexts." *Vanderlok*, 868 F.3d at 199; *see also Egbert*, 596 U.S. at 486, 501-02. "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further … [because] [t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra*, 27 F.4th at 180 (citing *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

Even assuming that *Bivens* offers a remedy for the type of conduct at issue in this case (and it's only an assumption—I'm not reaching that conclusion), Mr. Euclid has sued entities that are immune from suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Congress has not waived the Federal Government's immunity for *Bivens* claims, so those claims cannot proceed against the Government or its agencies. *See Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) The TSA is a federal agency and thus immune from suit under *Bivens*. Because Mr. Euclid has only named a federal agency as a Defendant, his claims cannot proceed.

Liberally construing the Complaint, it is possible that Mr. Euclid also intends to raise claims under the Federal Torts Claim Act ("FTCA"). The FTCA waives the United

States' sovereign immunity for claims sounding in state tort law for money damages. *See* 28 U.S.C. § 2674. However, a plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a).  In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). A plaintiff "must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).  Because Mr. Euclid has not named the United States and because he has not pled any facts about administrative exhaustion, any FTCA claim he may have intended must be dismissed.

**IV.    CONCLUSION**

I will grant Mr. Euclid *in forma pauperis* status but dismiss his complaint. I will give him an opportunity to file an amended complaint before I close this case, if he can do so in a way that complies with the reasoning in this Memorandum. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

December 29, 2023