## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL EUCLID,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4335** |
| | : | |
| **TRANSPORTATION SECURITY** | : | |
| **ADMINISTRATION,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

Nathaniel Euclid alleges that agents of the Transportation Security Administration ("TSA") opened his luggage and stole valuable Pokémon cards. TSA moves to dismiss his Complaint, and I will do so. In addition, because there doesn't appear to be a way for Mr. Euclid to fix the problems with his claims, I will dismiss the case with prejudice in part and without prejudice in part, but without leave to amend.

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On January 2, 2023, Mr. Euclid traveled on Southwest Airlines from Oakland International Airport to Philadelphia International Airport, with a layover at Denver International Airport. Somewhere along this route, TSA agents "committed theft" by opening his locked luggage and removing rare and valuable Pokémon cards. (ECF No. 7 at § III.C.)

On January 23, 2023, Mr. Euclid completed a TSA Tort Claim Package in which he acknowledged that his luggage contained a firearm, which might have prompted a TSA search. (*Id.* at p. 9.) The TSA denied his claim on May 2, 2023. (*Id.* at p. 20.)

Mr. Euclid filed this case on November 4, 2023. I dismissed his initial Complaint after statutory screening and gave him leave to file an amended complaint. He did so on January 19, 2024, and I ordered service of the Complaint after another round of statutory screening. When I ordered service, I explained that I read the Amended Complaint to assert a tort claim, rather than claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). (ECF No. 8 at 1 n.1.)

The TSA moved to dismiss on the grounds that it the FTCA does not apply to thefts and that Mr. Euclid's claims are speculative. Mr. Euclid's response argues that I should permit his *Bivens* claims to proceed, as well as defending his FTCA claim. The TSA's motion is ripe for review.

## II.   STANDARD OF REVIEW

A district court may dismiss a complaint where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.'" *Doe v. Princeton University*, 30 F.4th 335, 340 (3d Cir. 2022) (citation omitted). To survive, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 566 U.S. 662, 678 (2009) (internal quotation omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Judges interpret complaints from *pro se* litigants liberally. See *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally).

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack does not dispute the facts alleged in the complaint and therefore applies the same standard as a motion under Rule 12(b)(6). *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party."). The court must therefore "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (internal quotations omitted).

## III. DISCUSSION

### A. *Bivens* Claim

Because Mr. Euclid seeks to revive his *Bivens* claims, I will address them again. *Bivens* provides a damages remedy for constitutional violations by federal actors in very

limited circumstances. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022). Since the Supreme Court decided *Bivens*, it has recognized an implied cause of action in only three types of cases (*see Abbasi*, 137 S. Ct. at 1854-55) and "has repeatedly refused to recognize *Bivens* actions in any new contexts." *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . [because] [t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022) (citing *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)).

I have no basis to extend *Bivens* to the conduct at issue in this case. First, Mr. Euclid's case arises in a new *Bivens* context. *See Kalu v. Spaulding*, 113 F.4th 311, 326 (3d Cir. 2024). Mr. Euclid contends that his case does not arise in a new context but rather involves the same Fourth Amendment brand of claims that *Bivens* addressed. However, a claim may arise in a new context even if it is based on the same constitutional provision as a previously recognized claim. *See Fisher v. Hollingsworth*, 115 F.4th 197, 206 (3d Cir. 2024). Unlike in *Bivens*, the search that Mr. Euclid alleges did not occur in Mr. Euclid's home by FBI agents; it was conducted at an airport by the TSA. The Fourth Circuit has held that this is a new context from *Bivens*, and I agree *See Dyer v. Smith*, 56 F.4th 271, 275 (4th Cir. 2022). Second, special factors, including national security interests, counsel against extending a *Bivens* remedy here. *See Kalu*, 113 F.4th at 326. In

*Fisher*, the Third Circuit counseled that courts should not create causes of action if there is any reason to think Congress might be better situated to weigh the costs and benefits of a damages action. *See Fisher*, 115 F.4th at 205. That's the case here, and it forecloses Mr. Euclid's claim.

Also, Mr. Euclid only sued the TSA, which is immune from suit. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."). As Mr. Euclid has only named a federal agency as a Defendant, any *Bivens* claims must be dismissed.

### B.    FTCA Claim

The FTCA waives the United States's sovereign immunity for claims sounding in state tort law for money damages. *See* 28 U.S.C. § 2674. This waiver, however, applies only when the plaintiff's injury or loss of property is "caused by the negligence or wrongful act or mission of any employee of the Government while acting within the scope of [their] . . . employment." 28 U.S.C. § 1346(b)(1). A court determines whether a government employee acted within the scope of his employment by the state law of the place where the act or omission occurred. *See id.*

It's not clear from the Amended Complaint where the search in question. The TSA argued that it had to occur in California, and it might be right. But it doesn't matter. The

5

search could have occurred in California, Colorado, or Pennsylvania. In each state, an

employee who engaged in theft acts outside the scope of his employment. *See Tully v.*

*Transportation Sec. Admin.*, No. 12-1591, 2012 WL 3249513, at *2 (N.D. Cal. Aug. 7,

2012) (quoting *Bailey v. Filco*, Inc., 48 Cal. App. 4th 1552, 1559 (1996)); *Connes v. Molalla*

*Transport System, Inc.*, 831 P.2d 1316, 1321 (Colo. 1992); *Amberg-Blyskal v.*

*Transportation Sec. Admin.*, 832 F. Supp. 2d 445, 448-49 (E.D. Pa. 2011).

TSA agents are not employed to steal items from luggage, and theft in no way

serves the TSA. *See, e.g.*, *Griffin v. United States*, No. 17-6395, 2018 WL 6264976, at *3-4

(C.D. Cal. Jan. 18, 2018); *Tully v. Transportation Sec. Admin.*, No. 12-1591, 2012 WL

3249513, at *2 (N.D. Cal. Aug. 7, 2012); *Amberg-Blyskal v. Transportation Sec. Admin.*,

832 F. Supp. 2d 445, 448-49 (E.D. Pa. 2011). Therefore, the FTCA's limited waiver of

sovereign immunity does not apply to Mr. Euclid's claims.

## IV.    CONCLUSION

I will grant the TSA's Motion to Dismiss and dismiss Mr. Euclid's Amended

Complaint. There's no amendment that Mr. Euclid could make to cure the problems with

his Amended Complaint, so I will dismiss the case without leave to amend. An

appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*

October 30, 2024                     **JOSHUA D. WOLSON, J.**